IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
        Plaintiff,

v.                                                        Civil No. 3:22cv554 (DJN)

BETH ARTHUR, *et al.*,
        Defendants.

## MEMORANDUM OPINION

Vincent Elliot Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wilson's Second Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Particularized Complaint, (ECF No. 21), and the action will be DISMISSED.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2); 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court accepts a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). But a plaintiff cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive

dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *see Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint, *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS

By Memorandum Order entered on November 28, 2022, the Court directed Wilson to file a particularized complaint. (ECF No. 14.) After receiving an extension, on December 27, 2022, Wilson filed a particularized complaint. (ECF No. 18.) However, the particularized complaint still contained deficiencies. By Memorandum Order entered on February 15, 2023, the Court directed Wilson to file a second particularized complaint and explained that:

> In order to state a viable claim under 42 U.S.C. § 1983,[2] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro*

---

[2] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

3

*se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current conclusory allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff's current allegations fail to meet these requirements.

(ECF No. 20, at 1–2.)

On March 6, 2023, Wilson filed his Second Particularized Complaint. (ECF No. 21.) Wilson names as Defendants, Beth Arthur, the Sheriff of the Arlington County Detention Facility, and John Doe, the Sheriff of the Fairfax Detention Center. (*Id.* at 1.) However, despite receiving explicit directions on how to correct the deficiencies in his Particularized Complaint, Wilson's Second Particularized Complaint suffers from the same deficiencies identified above. Wilson alleges the following:[3]

1. On October 7, 2021, at approximately 5:45 a.m., the Plaintiff was told to get ready for court by Beth Arthur['s] deputies.
2. Once ready, Plaintiff was cuffed in shackles and a leather restraint belt attached with cuffs and a spit mask.
3. Plaintiff was then escorted down to processing.
4. While awaiting, a transportation official representing Defendant John Doe came and transported Plaintiff to Fairfax Detention Center.
5. Plaintiff arrived approximately a little after 6:00 a.m. and was placed in a cell down processing.
6. All the restraints w[ere] still on and none of them w[ere] removed.

---

[3] The Court employs the pagination assigned to the Second Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Second Particularized Complaint.

4

7. Plaintiff was called to court on video at approximately at 10:30 a.m. A laptop was brought to the cell and pointed towards Plaintiff.
8. Next, lunch arrived and Plaintiff had to struggle to eat with all [his] restraints still on.
9. Plaintiff had a hard time with the availability to use [the] toilet and sink due to [having the] restraints still on.
10. Plaintiff wasn't disruptive, combative, or disrespectful.
11. Plaintiff was transported back to Defendant Beth Arthur['s] facility.
12. Plaintiff got back at approximately 12:45 p.m. at the Arlington County Jail.
13. Plaintiff [had] basically been in cuffs, spit mask, shackles, and leather restraint belt since 5:45 a.m. through 12:45 p.m.
14. Plaintiff suffered physical, mental, and emotional injuries as a result from being in restraints for a long period of time.

A. Deliberate Indifference

15. Defendants Beth Arthur and John Doe w[ere] following policy transporting me and making sure [Plaintiff] g[ot] to court.
16. The failure of Defendants Beth Arthur and John Doe officials to remove restraints despite their knowledge of how long [Plaintiff] was in them, constituted deliberate indifference to Plaintiff's risk of harm in violation of the Eighth Amendment to the United States Constitution.
17. As a result of Defendants Beth Arthur and John Doe officials' failure to remove restraints, Plaintiff suffered further injury and physical and emotional pain and injury.

B. Malicious and Sadistic Intent

18. The actions of the Defendants Beth Arthur and John Doe officials to leave [Plaintiff] in [a] spit mask, cuffs with leather restraint belt attach[ed], and shackles, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

C. Deprivation of the Right of Bodily Liberty

19. The actions of Defendants Beth Arthur and John Doe officials in not removing any of the restraints for a long period of time deprived Plaintiff of his bodily liberty in violation of the Fourteenth Amendment to the United States Constitution.

D. Atypical and Significant Hardship

20. The actions of Defendants Beth Arthur and John Doe officials in the use of restraints were unlawful and applied in a manner that is painful or injurious and continued for longer than safety requires and nonetheless imposes atypical and significant hardship creating a liberty interest in violation of

5

the Due Process of the Fourteenth Amendment to the United States Constitution.

E.  Misuse of Force

21. The actions of Defendants Beth Arthur and John Doe officials in leaving all the restraints on the Plaintiff for so long without the availability to use the toilet and eat, for no reason, constituted excessive use of force in violation of the Eighth Amendment to the United States Constitution.

(*Id.* at 1–5.) Wilson asks declaratory and injunctive relief, and monetary damages. (*Id.* at 5.)

### III.  ANALYSIS

Wilson contends that Sheriff Beth Arthur and Sheriff John Doe are liable for the conduct of their officers who kept Wilson in restraints for a period of many hours. Wilson fails to allege any facts that would suggest that either Sheriff acted personally in the deprivation of Wilson's constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (requiring that "the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights" (internal quotation marks omitted)). Rather, Wilson attempts to impose liability on Defendants Arthur and Doe solely because they are the Sheriffs for Arlington County and Fairfax County and based entirely on *respondeat superior*. However, as explained to Wilson in the Court's February 15, 2023 Memorandum Order, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). Because Wilson alleges that Defendants Arthur and Doe should be held liable under a theory of

*respondent superior* simply based on their positions, he fails to state a claim for relief. *Id.*[4]

Accordingly, Wilson's claims will be DISMISSED for failure to state a claim.

## IV. CONCLUSION

Wilson's claims will be DISMISSED for failure to state a claim. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

---

[4] To the extent that Wilson contends that Defendants Arthur and Doe are somehow liable under a theory of supervisory liability, that claim would also fail. To allege a claim that a supervising officer failed to fulfill his duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted). Wilson fails to allege facts that support any one of these three factors. Accordingly, Wilson has failed to state a claim for supervisory liability.

Additionally, Wilson contends that Defendants Arthur and Doe were "following policy transporting" him. (ECF No. 21, at 3.) To the extent that Wilson attempts to hold Defendants liable for an unlawful policy or practice, he also fails to state a claim for relief. An unconstitutional official policy or custom can arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). Here, Wilson has made no effort, as he must, "to identify the offending municipal policy [or custom] with precision." *Carter*, 164 F.3d at 218. Thus, he fails to state a claim for an unconstitutional policy.

7

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

                                                                 /s/
                                               David J. Novak
                                               United States District Judge

Richmond, Virginia
Dated: May 16, 2023